IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTORIA ANN PHILLIPS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PROGRESSIVE INSURANCE CO.,<br><br>　　　　　　　Defendant. | 4:25CV3051<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Victoria Ann Phillips ("Plaintiff"), a non-prisoner proceeding in forma pauperis, filed a form titled "Praecipe for Writ of Restitution/Execution" which this Court construed as a civil complaint (the "Complaint"). Filing No. 1. The form on which the Complaint was filed appears to be designed for filing in the Nebraska County Courts. *See Id.* at 1.

Having conducted an initial review of the Complaint as required under 28 U.S.C. § 1915(e)(2) to determine if summary dismissal of the Complaint is appropriate, this Court finds that it is. As Plaintiff has failed to state a claim on which relief may be granted the Complaint shall be dismissed without prejudice.

**I. SUMMARY OF COMPLAINT**

Plaintiff lists Progressive Insurance Co. in the caption of the Complaint as the sole defendant ("Progressive"). Filing No. 1 at 1. Plaintiff's Complaint, however, does not set forth any jurisdictional basis under which this Court may proceed.

Plaintiff seeks monetary damages resulting from a motor vehicle accident involving Plaintiff and another driver that is insured by Progressive. *See generally* Filing No. 1. Specifically, Plaintiff appears to seek an order from this Court requiring the Constable or

Sheriff of La Vista, Nebraska to collect money and tangible property from an address in La Vista or to otherwise obtain a lien against the La Vista address. *Id.* at 1.

## II.  INITIAL REVIEW STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2

### III. DISCUSSION

The Court has reviewed Plaintiff's Complaint, and although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. As Plaintiff has failed to meet this standard, and as granting leave to amend the Complaint appears futile, the Complaint shall be dismissed.

### A.  Jurisdiction

The "'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). Federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added). Before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute, and if not, it must dismiss the case. *Barclay Square*, 893 F.2d at 969.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between ... citizens of different States" where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)). A federal court cannot exercise diversity jurisdiction over a matter "unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). As Plaintiff does not indicate her citizenship or the citizenship of the

defendant, this Court cannot ascertain whether complete diversity exists, rendering this Court unable to exercise jurisdiction over the mater under 28 U.S.C. § 1332.

A case presenting a federal question arises under the Constitution, laws, or treaties of the United States (as opposed to the laws of the individual states). *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997) (citing 28 U.S.C. § 1331). "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Here, there is simply no indication in the Complaint that federal law or the constitution would govern Plaintiff's claims.

As the United States is not a party to this action, it is clear as pleaded that this Court does not have jurisdiction over the dispute. And, "[s]ubject-matter jurisdiction can *never* be waived or forfeited." *In re Otter Tail*, 116 F.3d at 1213 (emphasis added) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). Therefore, as Plaintiff has not provided this Court with a jurisdictional basis under which it may proceed, and as this Court does not have the authority to waive the subject matter jurisdiction requirement, this Court cannot adjudicate Plaintiff's case as pleaded.

It is often appropriate to grant a plaintiff leave to amend to allow a plaintiff to attempt to cure jurisdictional deficiencies. However, as Plaintiff seeks to bring a direct action suit against Progressive, and such a claim cannot proceed under Nebraska law, amendment would be futile.

**B.  Plaintiff's Direct Action Claim Cannot Proceed**

Plaintiff seeks to sue Progressive as the insurer for one of the parties involved in a motor vehicle accident with Plaintiff. However, it is well-established that Nebraska law

does not permit an unfettered, direct cause of action against an insurance provider by a third party.[1]  "[A]s a general rule, there is no privity between an insured person and the tortfeasor's liability insurer.  For this reason, direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska."  *German Mut. Ins. Co. of Dodge County v. Federated Mut. Ins. Co.*, 606 N.W.2d 856, 859 (Neb. App. 2000) (citing Medical Protective Co. v. Schrein, 582 N.W.2d 286, 290 (Neb. 1998)).

Accordingly, as Plaintiff's case does not adequately allege jurisdiction, and as Plaintiff has failed to state a claim on which relief may be granted, her Complaint shall be dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Amended Complaint, Filing No. 1, is dismissed without prejudice.

2. The Court will enter a separate judgment consistent with this order.


Dated this 12th day of May, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge

---

[1] While Nebraska law does allow direct actions where an insurer is insolvent or bankrupt, *see Molina v. Am. Alternative Ins. Corp.*, 270 Neb. 218, 699 N.W.2d 415, 419 (2005) (citing Neb. Rev. Stat. § 44–508), this exception does not apply here.